# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

December 3, 2013

## LETTER ORDER

Re: *Olcott Holdings, LLC & the Estate of Bernard Olcott v. M. Michael Galesi et al.*
**Civil Action No. 12-cv-04206 (ES)**

Dear Counsel:

Pending before this Court is Plaintiffs Olcott Holdings LLC ("Olcott Holdings") & the Estate of Bernard Olcott ("Estate")'s (collectively, "Plaintiffs") motion for default judgment against Defendants George Kirkham ("Kirkham"), Dora Wong ("Wong"), and Richard Spetnagel ("Spetnagel") (collectively, "Defendants"). (D.E. No. 30, Motion for Default Judgment as to Defendants G. Kirkham, Dora Wong & R. Spetnagel ("Motion for Def.")). The Court DENIES Plaintiffs' motion.

Briefly, this case "is an interpleader action to determine the ownership of certain funds being held in escrow . . . pursuant to an order entered by the United States District Court for the Northern District of Oklahoma on January 29, 2002." (D.E. No. 1, Complaint for Interpleader & for Injunctive Relief ("Compl.") ¶ 1). In the underlying action, the Northern District of Oklahoma entered judgment "in favor of Bernard Olcott [("Mr. Olcott"),]" a limited partner in partnerships for oil exploration and drilling. (*Id.* ¶¶ 1, 3). The judgment's principal amount was "$1,077,014.70 plus substantial pre-judgment interest of $2,573,975." (*Id.* ¶ 3). While Mr. Olcott executed certain bank accounts allegedly belonging to the Judgment Debtor, there was an issue on whether the executed funds belonged to the Judgment Debtor "or to certain limited partner investors of the Judgment Debtors who had not settled, compromised, or assigned their interests with the Judgment Debtors." (*Id.*). Kirkham, Spetnagel, and Wong "are persons or entities who may have a claim of ownership to some of the escrowed funds." (*Id.* ¶ 11). However, these three Defendants failed to answer the complaint. (D.E. No. 30-1, Certification in Support of Motion for Default Judgment ("Certification") ¶¶ 14, 17, 20; *see also* D.E. No. 30-3, Affidavit of Due Diligence for Kirkham ("Kirkham Due Diligence"); D.E. No. 30-4, Certified Mail for Kirkham ("Kirkham Certified"); D.E. No. 30-5, Affidavit of Service for Spetnagel ("Spetnagel Affidavit"); D.E. No. 30-6, Affidavit of Service for Wong ("Wong Affidavit")). Because other Defendants have answered, this matter is ongoing. (*See, e.g.*, D.E. No. 11; D.E. No. 18).

"[I]f default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on merits, the complaint should then

be dismissed against both defaulting and non-defaulting defendants." *See Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008); *See generally Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005-11 (N.D. Cal. 2001) (discussing multi-defendant default judgment jurisprudence in different federal courts); *Phoenix Renovation Corp. v. Gulf Coast Software, Inc.*, 197 F.R.D. 580, 582-83 (E.D. Va. 2000) (same).

Here, the analysis of the claims against the non-defaulting Defendants requires the Court to preliminarily rule on the defaulting Defendants' liability. Thus, the claims of the defaulting and non-defaulting Defendants are intertwined and it would be inappropriate to grant default judgment against the defaulting Defendants. Plaintiffs' motion is therefore DENIED.

The Clerk of the Court shall terminate Docket Entry No. 30.

**SO ORDERED.**

s/Esther Salas
**Esther Salas, U.S.D.J.**